IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



MAR 1 5 2005

, Clerk of Court

| | | |
|---|---|---|
| DUANE L. BARLEY, | § | |
| TDCJ-CID #1220967 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4435 |
| | § | |
| STANLEY A. BROWN, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Plaintiff Duane L. Barley, proceeding *pro se*, filed this complaint against defendants pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights. Plaintiff's petition and subsequent filings reflect his mailing address as Pam Lychner State Jail, 2350 Atascosita Road, Humble, Texas 77396. Plaintiff has not notified this Court or the District Clerk of a change in address since the filing of his complaint.

On January 14, 2005, the Court sent to plaintiff at his address of record a notice of reassignment (Docket Entry No. 11). On January 28, 2005, the notice was returned to the Court as undeliverable, and marked "Released." (Docket Entry No. 12.) On January 28, 2005, the Court sent to plaintiff at his address of record a request for a status report (Docket Entry No. 13). On February 8, 2005, this mailing was returned to the Court as undeliverable, and marked "Released." (Docket Entry No. 15.) On February 3, 2005, the Court sent to plaintiff at his address of record a notice of deficient pleading (Docket Entry No. 14). On February 15, 2005, this mailing likewise was returned to the Court as undeliverable, and marked "Released." (Docket Entry No. 16.)

Plaintiff has not provided the Court with a change of address, as required by Rule 83.4 of the Local Rules for the United States District Court for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Court advised in writing of his current address. The Court will send notices only to the address on file. The record before this Court shows that plaintiff has been released from the Pam Lychner State Jail, and he has not informed the Court of his present address. His failure to pursue this action forces the Court to conclude that plaintiff lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). Plaintiff is advised that upon a proper showing, relief from this order of dismissal may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED** that this action be **DISMISSED** without prejudice for want of prosecution. All pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 14the day of March, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE